MORGAN BYRNE, PLAINTIFF IN ERROR v. THE STATE OF MISSOURI.

This case was submitted to the court, by Mr Benton, for the defendant. No counsel appeared for the plaintiff in error.

Mr Chief Justice MARSHALL delivered the opinion of the Court.

This is a writ of error to a judgment rendered in the supreme court for the state of Missouri.

In 1826 an action of covenant was instituted in the circuit court for the county of Cape Girardeau, by the state of Missouri, against Morgan Byrne, the plaintiff in error.

The declaration charges, that the defendant, on the 26th of October 1822, executed his certain writing obligatory, by which he promised to pay to the state of Missouri, on the 26th day of October in the year 1823, the sum of one hundred and thirty-five dollars, and the two per centum per annum on the said amount, it being the interest accruing on the certificates borrowed (by the said Byrne of the state), from the 1st day of October 1821, at the Jackson loan office for value; which said sum the defendant refuses to pay, &c.

The defendant appeared and pleaded in bar of the action, that the said state of Missouri, by an act of the legislature thereof, entitled an act for the establishment of loan offices,

approved by the governor of the said state on the 27th day of June 1821, divided said state into five districts, in each of which districts was established a loan office ; and by said act the auditor of public accounts and treasurer of said state, under the governor thereof, were required to issue certificates signed by the said auditor and treasurer to the nominal amount of two hundred thousand dollars, of denominations not exceeding ten dollars, nor less than fifty cents, in the following form, to wit, "this certificate shall be receivable at the treasury, or any of the loan offices of the state of Missouri, in discharge of taxes or debts due to the state, for the sum of　　　dollars, with interest for the same, at the rate of two per centum from this date, the　　day of　　　;" and that by said act said certificates were made receivable at the treasury of said state, and by all the tax gatherers and other public officers in payment of taxes, and other moneys, then due or to become due to said state, or any county or town therein, and by all officers, civil and military, in said state, in discharge of salaries; and by said act it was further made the duty of said auditor and treasurer, according to the provisions of said act, to deliver to the clerk of said general loan offices a proportional amount of the certificate, by the said act required to be issued as aforesaid; and certain commissioners by said act required to be appointed, were by said act empowered to loan said certificates to the citizens of said state residing within their respective districts, at interest not exceeding six per centum per annum on the amount, and to secure the repayment of the said loans by mortgages or personal security; and by said act, the salt springs belonging to the state were to be leased out, on the condition that the lessee or lessees should receive said certificates in payment for salt, not exceeding that which might be prescribed by law; and that the proceeds of said salt springs, the interest accruing to the state, and all estates purchased by the said loan offices under the provisions of said act, and all debts then due and to become due to the said state, were by said act pledged and made a fund for the redemption of the said certificates; and by the same act, the faith of the state was also pledged for the same purpose.　And the defendant farther saith, &c., a large sum was deposited at the loan office at Jackson, &c., and that he has received from said loan office

the nominal sum of one hundred and thirty-five dollars in said certificates, for the loan of which certificates, and no other consideration whatever, the said defendant made and executed to said state said writing obligatory mentioned. And said defendant avers, that said loan office certificates, so loaned to said defendant as aforesaid, were bills of credit, emitted by said state in violation of the constitution of the United States; all which said defendant is ready to verify: wherefore, &c.

The plaintiff demurred generally to this plea, and the defendant joined in demurrer.

The court sustained the demurrer, and rendered judgment for the plaintiff. This judgment was brought by writ of error into the supreme court of the judicial district in which it was rendered, the highest tribunal in that state which could take cognizance of it, where it was affirmed.

The defendants have prosecuted this writ of error, under the twenty-fifth section of the judicial act.

The pleadings in the cause bring the question, whether the act of the state of Missouri, by virtue of which the certificates which form the consideration of the writing obligatory, on which the judgment of the state court was rendered, be constitutional or not, directly and plainly before the court; and the decision of the state court was in favour of its validity. Consequently the case is within the twenty-fifth section of the judicial act; and the only question before this court is, did the state court err in pronouncing that judgment? Is the act in question repugnant to, or consistent with the constitution of the United States?

This question was ably argued, and fully considered by the court in the case of Craig v. The State of Missouri, 4 Peters 410. In that case, a majority of the court were of opinion that the act was repugnant to the constitution; and the judgment of the state court was reversed. That decision is expressly in point, and on its authority the judgment in this case also must be reversed and the cause remanded, that judgment may be rendered for the defendant in that court, the plaintiff in error.

This cause came on to be heard on the transcript of the

record from the supreme court of the state of Missouri for the fourth judicial district, and was argued by counsel; on consideration whereof, this court is of opinion that there is error in the rendition of the judgment of the said court, in this, that in affirming the judgment rendered by the circuit court of the county of Cape Girardeau, in the state of Missouri, that court has given an opinion in favour of the validity of the act of the legislature of Missouri, passed on the 27th of June 1821, entitled "an act for the establishment of loan offices," which act is, in the opinion of this court, repugnant to the constitution of the United States: whereupon it is considered by the court, that the said judgment of the said supreme court of the state of Missouri for the fourth judicial district, ought to be reversed and annulled; and the same is hereby reversed and annulled, and the cause remanded to that court, with directions to enter judgment in favour of the defendant to the original action.