# DECISIONS

OF THE

# SUPREME COURT OF FLORIDA.

---

## OCTOBER TERM, 1871.

---

GENSLER & SILVERSTEIN VS. FLORIDA RAIL ROAD COMPANY.

Where an appeal, taken under the statute before the Code, was dismissed
  for want of a bond, a new appeal may be taken under the Code at any
  time within two years after the entry of the judgment, if the judgment
  is of such character as authorizes an appeal to be taken from it within
  two years.

Motion to dismiss the appeal.

The nature of the motion is stated in the opinion of the
court.

*Finley & Finley* for Respondents.

*Peeler & Raney* and *J. B. Dawkins* for Appellants.

WESTCOTT, J., delivered the opinion of the court.

This is a common law judgment, rendered anterior to the
passage of the code. At the time it was rendered the party
had the right to prosecute an appeal during the term in
which the judgment was rendered, and for ten days there-
after, as well as to prosecute a writ of error within two
years from the date of the judgment. At a previous term
of this court, an appeal, which was prosecuted under the

statute before the Code, was dismissed for want of a bond. Before the expiration of two years, the right to prosecute a writ of error was destroyed by the passage of the code, which abolished the writ of error, and substituted therefor an appeal, limiting the time for its prosecution to the same period as existed before in the case of a writ of error, viz: two years after the date of the entry of the judgment. The limitation of a writ of error under the statute, anterior to the code, is the same as the limitation for the appeal under the code, and the right of the party under the code now is, in this respect, precisely the same as his right under the old statute. It follows, that if the appellant here could have prosecuted a writ of error under the old statute, in the event it had not been repealed, he can now prosecute an appeal. The question therefore is, did the dismissal of the former appeal in this case, taken under the old statute, destroy his right to prosecute a writ of error? for if it did not, then he has the same right under the substituted remedy of appeal. The appeal and writ of error authorized by the old statute were concurrent remedies. The prosecution of an appeal, as in this case, would not have been a bar to the subsequent prosecution of a writ of error, in the event the appeal was dismissed for an irregularity, such as the want of a sufficient bond, as in this case.

The principle here involved is sustained by a case reported in 8 Peters, 43, where it was held, that after an appeal has been dismissed for want of an appeal bond, a party may have another appeal within five years from the decree, this being the limitation fixed by the Act of Congress. The court in the case of the U. S. vs. Pacheco, 20 How., 262, say, "the Act of Congress authorizes the appeal within five years, and the period allowed by law cannot be shortened by any rule or practice of a court;" and that, "after a case has been docketed, and the appeal dismissed, the party against whom the decree was rendered may still, at any time within five years from the date of the decree, take a new appeal." In

this case, the dismissal of the appeal did not operate to destroy the right to prosecute a writ of error. At the time of the passage of the code this right existed, and its exercise now under the code, through the substituted remedy of appeal, is entirely proper.

The motion is denied.