# CHARLESTON.

## RANDOLPH *v.* CASEY.

### Submitted February 1, 1897—Decided April 7, 1897.

ADVERSE POSSESSION—*Color of Title—Void Deed—Statue of Limitations.*

 Possession under a void deed is sufficient to give color of title as against the grantors, and to set in motion the statute of limitations, and the coverture of the appellant, who was the grantor, does not affect the question (*Irey* v. *Markey*, 132 Ind. 546 (32 N. E. 309), she being excepted from the disabilities mentioned in section 3, chapter 104, Code, as to her sole and separate property. (p. 293.)

Error to Circuit Court, Harrison county.

Action by Fenton F. Randolph against Patrick Casey. Judgment for defendant, and plaintiff brings error.

*Affirmed.*

JOHN BASSELL, for plaintiff in error.

J. J. DAVIS and HUTCHINSON & CAMDEN, for defendant in error.

McWhorter, Judge :

On the 8th day of July, 1870, Fenton F. Randolph and wife conveyed by deed to Nancy J. F. Randolph a tract of forty-six and one-half acres of land in Harrison county ; and on the 25th of February, 1880, said Nancy, together with her husband, Daniel F. Randolph, by deed conveyed a small portion of said tract (eighteen and two-fifths rods) to P. C. F. Randolph, in consideration of one hundred dollars paid, and placed said vendee in possession thereof. The land was placed on the land books in the name of the vendee, and taxes paid by him, and the property improved, occupied, and enjoyed by him up to the time of his death, in May, 1889, after which his widow and children remained in possession until March, 1891, then renting the same to Patrick Casey, who occupied as the tenant of the estate of P. C. F. Randolph, deceased, paying the rent to the estate of decedent until legal proceedings were had resulting in the sale of said property under decree of the court for the payment of debts of decedent's estate, at which judicial sale said Casey became the purchaser and continued in possession. At December rules, 1893, Nancy J. F. Randolph filed her declaration in ejectment in the circuit court of Harrison county against Patrick Casey, to recover said eighteen and two-fifths rods of land. On the 16th of January, 1894, the defendant put in his plea of not guilty. On the 28th of September, 1894, a jury was impaneled to try the issue, and, after hearing the evidence, by consent of the parties a juror was withdrawn, and the jury from rendering a verdict discharged, and by consent the whole matters of law and fact arising in the case were submitted to the court. On the 1st day of October, 1894, the court having heard the argument of counsel upon the matters of law and fact in the case submitted to the court as aforesaid, the court found that the plaintiff take nothing by her complaint, and discharged the defendant with costs, to which the plaintiff excepted.

It appears that there is but one error assigned ; that is, that the court held that the plaintiff was barred by the statute of limitations and that the court, upon the facts stated in the record, should have rendered judgment in favor of the plaintiff, and not for the defendant. It is conceded by the counsel for the plaintiff in error that, the land having

been conveyed to Nancy Randolph in 1870 by Fenton F. Randolph, she must be taken and held to own it and hold it, as her separate property, and it possessed that character when she and her husband attempted to convey it by the paper of February 25, 1880, but which was void as to her by reason of the fact that the certificate of acknowledgement is defective as to her because it omits the words required by the statute at the time that she acknowledged it to be her act. It is claimed also by her counsel that, her husband, Daniel F. Randolph, having no present interest in the land, but having a contingent estate for life in it dependent upon his surviving his wife, under Code, c. 66, s. 2, expressly providing "that no married woman, unless she be living separate and apart from her husband, or unless her husband be *non compos mentis*, shall sell or convey her real estate unless her husband consent thereto by joining in the deed or other writing by which the same is sold or conveyed," the deed, being invalid as to the wife, is of course, invalid as to the husband; and, if the wife had brought suit within ten years after the making of this paper, she clearly could have recovered possession in an action of ejectment, have resumed possession and control of the property, and, had she then died, her husband would, of course, have succeeded as tenant for life by the courtesy, and therefore the deed, being invalid as to her, was equally so as to her husband; and further contending "that if a married woman alone can make a paper purporting to be a deed without her husband uniting therein, or if she and her husband can make a paper purporting to be a deed, and the grantee in such paper can take possession, and his possession be adverse, the statute above quoted, which requires that the husband and wife shall unite in a deed to pass or convey her title to real estate could be practically nullified at the pleasure of the wife, because, where the real estate is her separate property, she alone can sue for its recovery, and she may easily evade the statute, which provides that she shall not alien her real estate without the consent of her husband by his joining in the conveyance, if, as is contended in this case, she herself can make a paper in the form of a deed, place the grantee or purchaser in possession, and let him remain on the property, claiming adversely to her. What remedy

would the husband have in such a case, if the statute of limitations is to be a bar? The right of the wife to dower cannot be barred by any act of the husband conveying his land, and we submit that the statute never intended that the wife might absolutely deprive her husband of his estate by the curtesy, by making a pretended sale and conveyance to a third party, placing the party in possession, and letting him occupy the position of an adverse claimant for the period of ten years. Where the land is the separate property of the wife in such a case, the husband cannot sue himself, nor can he use the name of his wife in a suit without her consent; and the result is, if this construction be given to the statute of limitations, that a married woman who is so disposed may absolutely deprive her husband of any contingent right in her real estate, and may, in the teeth and in despite of section 2 of chapter 66 of the Code, as effectually convey her real estate to a purchaser or third party as if her husband had united with her in a valid deed provided only that the purchaser or holder under the wife shall have such adverse possession for the period of ten years. We submit that what the wife cannot do directly she should not be allowed to do indirectly.''

Plaintiff's contention is right so far as it claims that plaintiff could have maintained her action within ten years from the time of her conveyance, February 25, 1880, and placing her vendee in possession, and his argument following as to what a wife might do with her property might have some force in it in a case to which it would apply; but, the questions therein supposed not being involved in this case, I do not see that there is any call for giving the same consideration at this time. His position might be correct if this property had been conveyed to Nancy J. F. Randolph prior to the Code of 1868; but in the third section of chapter 104 of the Code, providing exemptions from the statute of limitations to persons under disability, married women holding lands as their sole and separate property are clearly relieved of such disabilty as to such separate property, and placed under the provisions of section 1 of said chapter, which says that ''no person shall make an entry on, or bring an action to recover any land, but within ten years next after the time at which the right to

make such entry or to bring such action shall have first accrued to himself or to some person through whom he claims." The moment her vendee took possession under the deed of February 25, 1880, claiming thereunder adversely to her and every other person claiming the same as his own, placing it on the tax books in his own name, and fully enjoying the same to the exclusion of every other person, the statute began to run against her, she not being included as to said property among the persons mentioned in said section 3 as under disability, the Code of 1891 containing the same provision, and she being *sui juris* as to this property. The defendant, and those under whom he claimed, had held the possession of this property adversely to all the world for the period of almost thirteen years under the deed from plaintiff to P. C. F. Randolph of February 25, 1880, and, although the acknowledgment was defective as to the married woman, the plaintiff, and hence the deed void, yet it was sufficient as "color of title," showing the nature and extent of defendant's claim of the premises, and showing in him a claim in fee which tended to negative any right in any other person. It "also tended to show that his actual possession was adverse to all the world." *Swann* v. *Thayer*, 36 W. Va. 46 (14 S. E. 423); syllabus, pt. 1. Color of title, for the purpose of adverse possession under the statute of limitations as to land, is that which has the semblance or appearance of title, legal or equitable, but which is in fact no title. Any written instrument, however defective or imperfect, no matter from what cause invalid, purporting to pass or convey title to land, which defines the extent of the claim under it, is color of title. *Covey* v. *Porter*, 22 W. Va. 120, syllabus, pt. 8. In *Wright* v. *Mattison*, 18 How. 50, the court says: "Hence color of title, even under a void and worthless deed, has always been received as evidence that the person claims adversely to all the world." In *Welborn* v. *Anderson*, 37 Miss. 155, it was held that "a void deed will constitute color of title." In *Irey* v. *Markey*, 132 Ind. 546, (32 N. E. 309), the court says: "Assuming that the deed was void, possession having been taken under it, it was sufficient to give color of title as against the grantors, and to set in motion the statute of limitations." The coverture of the appellant does not affect the question,

as she has at all times since the execution of the deed been empowered by statute to sue in her own name and alone, in all cases where the action concerned her separate property. There is no error in the judgment, and the same is affirmed.

*Affirmed.*