FRANK BERESFORD ET AL. v. OLIVER MARBLE ET AL.

[50 South. 68.]

LIMITATION OF ACTIONS. *Suits for recovery of land. Exception to statute. Absence from state. Code 1892, § 2748, Code 1906, § 3108.*

Code 1892, § 2748, Code 1906, § 3108, providing that the statutes of limitation shall not run in favor of a party during his absence from the state, is not applicable to a suit, at law or in equity, for the recovery of lands.

FROM the chancery court of, first district, Hinds county.

HON. G. GARLAND LYELL, Chancellor.

Beresford and others, appellants, were complainants in the court below; Marble and others, appellees, were defendants there. From a decree sustaining the demurrer of the defendants to the bill of complaint and dismissing the suit the complainants appealed to the supreme court.

The bill of complaint alleged that one Mrs. Fannie Beresford, mother of the complainants, conveyed certain land by deed executed in December, 1878, to the individuals composing the partnership of Richardson & May, and by a deed of subsequent date, December, 1879, corrected errors in the former deed.

While the deeds recited a money consideration paid, the bill alleged that Mrs. Beresford, the vendor, never received any consideration of any kind for such conveyances. The bill charged that when Mrs. Beresford made such conveyances she was insane and continued insane to the date of her death, March 25, 1891; that during her insanity the land in question was conveyed by the individuals composing the said partnership of Richardson & May to a corporation, the Richardson & May Land Company, whose domicile was and is New Orleans, Louisiana and that this non-resident corporation, on February, 11, 1901, for value conveyed the land to the defendants, comprising the partnership of Marble & Sons. All of the parties mentioned and through whom the title was alleged to have passed since the execution of the deed first mentioned in 1878 by Mrs. Beresford were made defendants. The bill prayed that the title of the complainants, who claimed by inheritance from Mrs. Beresford, to the land be decreed valid and that any and all claims of the defendants thereto be cancelled as void, and for an accounting for rents, etc. The bill was filed June 2, 1908.

The defendants demurred to the bill, on the ground that the complainants were as shown by the bill itself, barred from relief by Code 1880, § 2664, Code 1892, § 2730, Code 1906, § 3090.

This Code section is as follows:

"*Actions concerning land.*—A person may not make an entry or commence an action to recover land but within ten years next after the time at which the right to make the entry or to bring the action shall have first accrued to some person through whom he claims; or, if the right shall not have accrued to any person through whom he claims, then within ten years next after the time at which the right to make the entry or bring the action shall have first accrued to the person making or bringing the same; but if, at the time at which the right of any person to make an entry or to bring an action to recover land shall have first accrued, such person shall have been under the disability of infancy or unsoundness of mind, then such person or the person

claiming through him may, notwithstanding the period of ten years hereinbefore limited shall have expired, make an entry or bring an action to recover the land at any time within ten years next after the time at which the person to whom the right shall have first accrued shall have ceased to be under either disability, or shall have died, whichever shall have first happened; but when any person who shall be under either of the disabilities mentioned at the time at which his right shall have first accrued, shall depart this life without having ceased to be under such disability, no time to make an entry or to bring an action to recover the land beyond the period of ten years next after the time at which such person shall have died, shall be allowed, by reason of the disability of any other person."

Code 1906, § 1801 (Code 1892, § 1626), referred to in the opinion, is as follows:

"*Ejectment; in what case the action lies.* The action of ejectment may be maintained in all cases where the plaintiff is legally entitled to the possession of the land sued for and demanded."

*Wells & Wells,* for appellant.

It is the contention of appellants that while their mother, Mrs. Beresford, was insane the title to the land in controversy, in the year 1879, was formally conveyed by her to parties who in the year 1890 conveyed the same to a corporation domiciled in New Orleans, Louisiana, and that the title so remained in the non-resident corporation until the year 1901, when the corporation conveyed the same to the Marbles, appellees. As the pretended owners of the land were thus, from the latter part of the year 1879 until in the year 1901, non-residents of Mississippi, the statute of limitation in regard to the adverse holdings of land under claim of title will not be applicable. Code 1892, § 2748, similar to Code 1880, § 2678, and brought forward as Code 1906, § 3108, distinctly provides that if after any cause of action has accrued in this state, the person against whom it

has accrued be absent from or reside without the state, the time of his absence shall not be taken as.any part of the time limited for the commencement of the action, after his return. The Code section has been construed a number of times by our supreme court. *Hunt v. Belknap,* 78 Miss. 76, 28 South. 751; *Robinson v. Moore,* 76 Miss. 89, 23 South. 631; *Wright v. Morduant,* 77 Miss. 537, 27 South. 640; *Sledge v. Jacobs,* 58 Miss. 194; *Bower v. Henshaw,* 56 Miss. 619; *Fisher v. Fisher,* 43 Miss. 212; *Trotter v. Erwin,* 27 Miss. 772; *Weille v. Levy,* 74 Miss. 34, 20 South. 3; *Hodges v. Darden,* 51 Miss. 199.

Appellants' mother continued insane until her death in March, 1891, at which time the appellants by inheritance became vested with the right to sue for recovery of the land and cancellation of adverse claims thereon. During the insanity of their mother, that is, until the date of her death in 1891, no statutes of limitation ran against her claim to the land. The statute did not begin to operate from March, 1891, but, because of the absence from the state of the adverse claimants, it first began to run in 1901, when sale was made to the Marbles, and this suit was instituted less than ten years after they purchased from the non-resident corporation. The court below accordingly erred in dismissing the bill. *Kennard v. Alston,* 62 Miss. 763; *Shotwell v. Covington,* 69 Miss. 735; *Weatherby v. Roots,* 72 Miss. 355, 16 South. 902.

*Powell & Powell,* for appellees.

Where a right of action has descended from one dying under legal disabilities to one resting under disability, ten years and no more shall be given from the death of the first person, within which the second must bring an action to recover land; and this limitation will begin to run instantly from the death of the first person, notwithstanding the second person is under disability. *Watts v. Gunn,* 53 Miss. 502; Code 1906, § 3090.

If Mrs. Beresford, the original owner of the land, and who is declared in the bill to have been insane, had lived to the

present time, she would have been barred in twenty one years from 1879. Code 1906, § 3106. The fact that the title to the land became vested in non-residents will not affect the operation of the law in this instance. *Lindenmayer v. Gunst,* 70 Miss. 693, 13 South. 252; *Robinson v. Moore,* 76 Miss. 100, 23 South. 631.

It is evident that the complainants, appellants below, might have brought ejectment for the land against the tenants in possession at any time after the death of their mother; hence Code 1906, § 3090 (Code 1892, § 2730), the ten years' statute of limitation, operated against their claims and they were accordingly barred when this suit was instituted. *Larson v. Larson,* 82 Miss. 116.

It will be noted that the many cases cited by learned counsel for appellants relate to personal actions, hence are not here applicable as authorities. *Lindenmayer v. Gunst, supra. French v. Davis,* 38 Miss. 218.

Argued orally by *W. C. Wells,* for appellants, and by *Robert Powell,* for appellees.

WHITFIELD, C. J., delivered the opinion of the court.

We think it is clear in this case that the complainants in this bill might have brought ejectment for the land against the tenants in possession, under Code 1892, § 1626, Code 1906, § 1801, and that, that remedy being open, the statute of limitations did run against their claim, and that they are barred. This was distinctly held in *Lindenmayer v. Gunst,* 70 Miss. 693, 13 South. 252, 35 Am. St. Rep. 685, and this particular holding was approved in *Robinson v. Moore,* 76 Miss. 100, 23 South. 631. The cases cited in the very able brief of the learned counsel for appellant were cases relating to personal actions, and this statute could not be invoked in those cases, because there never had been, as to the personal action, inability on the part of the plaintiff to sue the defendant in such personal suit. That is

not true of an action in rem, like the action of ejectment. The court below took this view of the matter, sustained the demurrer to the plea of the statute of limitations, and, the complainants declining to amend, the bill was dismissed.

*The decree is affirmed.*