LEVY *et al. v.* CAMPBELL.

(In Banc.   Dec. 9, 1946.)

[28 So. (2d) 224.   No. 36242.]

722

H. F. Case, of Quitman, for appellants, Augusta Levy and Georgia Levy.

Gilbert & Cameron, of Meridian, for appellants, Mrs. Antionette P. Altmeyer and Claire A. Pollock.

J. C. Floyd and A. B. Amis, Sr., both of Meridian, for appellee.

724

**Griffith, J.,** delivered the opinion of the court.

Appellee filed his bill to quiet his title to, and to have himself declared the owner in fee simple absolute of, the land in Clarke County, described as the NW¼ of SW¼, Sec. 10, Tp. 4, R. 15 E. It is admitted by the pleadings that the title had passed out of the government and thence on down by a regular and unbroken chain of conveyances to M. P. Levy and his cotenants by a deed to them dated December 22, 1887. It is averred by the bill that thereafter, and sometime before December 7, 1901, Levy, joined by all his cotenants, conveyed the land to Small Brothers, but that this deed was never recorded and has been lost. The execution of this deed was admitted by the defendants but with that admission it is averred by them that the deed reserved to Levy and his cotenants all of the oil, gas and minerals underlying the land. The complainant by an amended bill denied any such reservation.

Small Brothers, on December 7, 1901, conveyed the land, without any reservations, to John Blakeley, and there is from Blakeley on down to complainant an unbroken chain of title without any exceptions or reservations, all the deeds in this chain being duly recorded. And in addition, and more important than any of the above, proof was

sufficiently made that Blakeley, soon after the date of his deed, went into actual adverse possession of the land, and that such possession was continued by him and his successors in title in unbroken sequence for more than ten years. This proof is by residence, cultivation and fencing, but there was no use made in any way of the subsurface minerals. The defendants claim among themselves the oil, gas and minerals under the reservation said to have been made in the lost deed from Levy and his cotenants to Small Brothers.

When the complainant had made the proof heretofore outlined, save that he offered none with respect to the issue whether the oil, gas and minerals had been reserved in the lost deed, he rested his case, and the defendants also rested, offering no proof on their part, their contention being that the burden of proof was on the complainant to show that there had been no reservation in the deed to Small Brothers, while the contention of the complainant on the other hand is that inasmuch as he had made proof of title by adverse possession, the burden of proceeding was thereby shifted to defendants to show the exception claimed by them from the normal reach of such adverse possession; and that is the question to be decided on this appeal.

Although the parties are represented by able counsel, no case precisely in point has been cited. We will proceed, therefore, upon applicable principles. And, first, we have the consideration that no adverse possession of the surface or that which is above it will operate as an adverse possession of a separated estate which is beneath the surface, and which has not in any way been used in connection with the adverse possession of the surface. Cook v. Farley, 195 Miss. 638, 15 So. (2d) 352. And, in the second place, the general rule that when a party seeks to have himself adjudged the owner of land, and of every interest therein, he must make the proof of his ownership and cannot rely on the weakness of the title of his adversary, to which, however, there must be added the further

general rule that when a party plaintiff or complainant has proved sufficient facts to entitle him to a recovery, he is thereby entitled to a judgment or decree, and it is immaterial that he has failed to go forward and prove more than enough, even though the latter or more than enough has been alleged in the pleadings. Southeastern Express Company v. Namie, 182 Miss. 447, 460, 181 So. 515.

The considerations last mentioned bring us at once to the terms of our adverse possession statute, Sec. 711, Code 1942, and the effect thereof when there has been adequate proof, as there has been here, of the ten years adverse possession under the statute. In such a case, the statute is explicit that the occupant thereby obtains a full and complete title, saving to persons under disability. Long ago, in Ford v. Wilson, 35 Miss. 490, 72 Am. Dec. 137, it was declared that an adverse possession of land for the period of time prescribed by that statute not only bars the remedy but practically extinguishes the right of the party having the true paper title, and vests a perfect title in the adverse holder. And from a time equally far back, Welborn v. Anderson, 37 Miss. 155, it has been the settled rule in this state that although the possession may have been begun by a mere intruder without any color of title at all, the occupant may establish title by adverse possession to the extent of his actual occupation.

It is thus seen that the ordinary and normal sweep of the statute operates to invest the adverse occupant upon the completion of the statutory period with a new and independent title to every estate in the land—a title not derived at all from or in any privity whatever with any former owner, 2 C. J. S., Adverse Possession, Sec. 200, p. 804; 4 Tiffany, Real Property, 3rd Ed., Secs. 1171, et seq., and which may be used defensively by the occupant not only but also as an adequate basis to confirm or quiet his title. Fant v. Williams, 118 Miss. 428, 433, 79 So. 343; Itawamba County v. Sheffield, 195 Miss. 359, 13 So. (2d) 649; Sharon v. Tucker, 144 U. S. 533, 12 S. Ct. 720, 36 L. Ed. 532.

It would follow as a logical consequence that inasmuch as a title gained by adverse possession is a new and complete title, not dependent upon or in any manner derived from, or in privity with, any former owner, but which extinguishes the right of the latter, the normal operation of the statute must be such, in addition, that if any former owner or any person claiming under him has anything to present as an exception or reservation, the burden must be upon him who asserts the exception or reservation, for when the adverse occupant has made his proof of the ten years adverse possession, this is enough to entitle him to judgment or decree, and he need not prove more, save when he is required to meet the proof made by an opposite party as regards an exception or reservation, if and when such a claim of an exception or reservation has been made by an opposite party. Compare Itawamba County v. Sheffield, supra.

This is not only a logical legal conclusion, but one which at the same time accommodates itself to a sound practical policy. To hold otherwise would amount to a failure to preserve the purposes of the statute which is one of repose, for it would be far less than this if, after having put ten years' time and active effort in an adverse occupancy and has proved it, the occupant would be obliged to go further and labor under a burden to disprove every supposed or asserted outstanding reservation or exception.

Affirmed.

**Sydney Smith, C. J.**, did not participate in this decision.