King *v.* Childress, et al.

No. 40627          February 17, 1958          100 So. 2d 578

*L. B. Porter,* Union; *Paul G. Swartzfager,* Laurel; *Barnett, Jones & Montgomery,* Jackson, for appellant.

*Green, Green & Cheney,* Jackson, for appellee.

HALL, J.

■■ ■ The appellant brought this suit seeking a cancellation of a mineral conveyance to appellee on October 17, 1938. The appellee answered and his answer included a plea of the ten-year statute of limitations, Code 1942, Section 709. The appellee also filed with his answer a cross bill seeking confirmation of his title to the minerals involved.

The appellee is not actually a dealer in minerals or leases, but at the time of the transaction here in question he lived in Basile, Louisiana, and was working for an oil field contractor, the duties of his emploÿlment being to assist in clearing up the site for drilling oil wells and at times to assist in erecting derricks for such drilling, but

the appellee was not an oil driller and had never had anything to do directly with the drilling of an oil well. In his employment he would learn of places where the prospects for oil appeared to be good and occasionally he would buy oil leases and mineral rights.

He learned that certain lands in Smith County, Mississippi, might have favorable possibilities for oil and since he was not experienced in filling out the forms for leases and mineral conveyances he got a friend of his, Mr. Albert Reich, who was engaged in the same business as appellee, to come to Mississippi with him for the purpose of undertaking to purchase some mineral rights and leases. They did not have any Mississippi forms and they came to Jackson, Mississippi, and purchased some forms and then went to Smith County to the home of appellant who owned 535.5 acres of land and as a result of this visit appellee obtained from appellant a mineral deed and a lease on this land for a consideration of 50¢ an acre for the minerals and 50¢ an acre for the lease. Mr. Reich filled in the printed forms for the lease and also the printed form for the mineral conveyance. A photostatic copy of each of these conveyances is in the record and it is apparent that Mr. Reich did not have much experience in filling in such forms, and he prepared the mineral conveyance so that it first recited that it conveyed a 1/16th interest in one place and a 1/2 interest in five other places. The appellee then gave the appellant a check for $535.50 on which was written ''For one-half mineral and oil and gas lease''.

At this point we must observe that oil had never been discovered in Mississippi at that time, and the record shows without any dispute that the price paid exceeds the prevailing price for leases and minerals in Mississippi in 1938, the average price being 25¢ per acre for minerals and 25¢ per acre for leases. We are not concerned in this case with the lease in question because the same has long since expired.

In 1940 appellee discovered or was told that his mineral conveyance was not properly filled out and he thereupon employed Mr. Hershel Moss to prepare papers which would properly show that it was the intention of the conveyance in question for him to receive a 1/2 interest in the minerals. Mr. Moss prepared a mineral deed for the 1/2 interest and carried the same to appellant's home where she executed it without complaint, but Mr. Moss failed to show that this conveyance was in lieu of the former conveyance. The result was that the appellee then had title to all of the minerals.

Not long afterward appellee was advised that he had obtained title to all of the minerals and in order to straighten this he conveyed to the appellant a 1/2 interest in the minerals, without any request so to do. He had the deed recorded, paid for the recording and mailed it to the appellant.

At the conclusion of the evidence the chancellor took the case under advisement and later filed his findings and conclusions and held therein that the appellant cashed and endorsed a check for $535.50 containing the notation thereon ''For one-half mineral and oil and gas lease'', and that she later executed a lease to the Gulf Refining Company which showed that she owned only a half mineral interest. The court held that in view of these facts the appellant had actual knowledge for ten years prior to the commencement of this suit, or by the use of reasonable prudence would have had knowledge that the instrument she executed along with her husband on October 17, 1938, was in fact a mineral deed rather than a royalty deed, and that consequently her action is barred by the statute of limitations and the bill of complaint was accordingly dismissed. The court also said in its findings that he had previously held that the mineral deed was obtained by fraud and that the appellee was entitled to no affirmative relief. A decree was entered accordingly, from which this appeal is prosecuted.

Mrs. King testified that it was not her intention to sell any of her mineral rights and that it was only her intention to sell an interest in the royalty. Her husband admitted executing the mineral deed but he said that minerals weren't mentioned but admitted that he did not read the instruments. He also testified that only one of his sons was present at the time. Dan O. King, one of the sons, testified that he was present and that the appellee only wanted to buy a lease and one-half of the royalty. He said that his mother and father and he were present, but two other sons of the appellant in contradiction of their father and brother testified that they were also present.

The appellant contends that the appellee at all times since 1938 has been a resident of Basile, Louisiana, and that therefore under Section 740 of the 1942 Code the appellee cannot plead the Statute of Limitations. We are of the opinion that this Code Section applies only to actions in personam and does not apply to actions in rem. The appellant in this case knew the situation for more than ten years before bringing this suit. She could have brought the suit at any time within the ten-year period and could have obtained process upon the appellee by publication, just as she did obtain it when this suit was filed, and she could have obtained a valid judgment thereon, but she did nothing and sat idly by until long after oil was discovered in the state and until an oil field had developed not far from the land here involved. Section 740 of the Code of 1942 is identically the same as Section 2748 of the Code of 1892, and Section 3108 of the Code of 1906, and is as follows: "If, after any cause of action have accrued in this state, the person against whom it has accrued be absent from and reside out of the state, the time of his absence shall not be taken as any part of the time limited for the commencement of the action, after his return."

In the case of Beresford v. Marble, 95 Miss. 461, 50 So. 68, this Court said:

"We think it is clear in this case that the complainants in this bill might have brought ejectment for the land against the tenants in possession, under Code 1892, Sec. 1626, Code 1906, Sec. 1801, and that, that remedy being open, the statute of limitations did run against their claim, and that they are barred. This was distinctly held in Lindenmayer v. Gunst, 70 Miss. 693, 13 South. 252, 35 Am. St. Rep. 685, and this particular holding was approved in Robinson v. Moore, 76 Miss. 100, 23 South. 631. The cases cited in the very able brief of the learned counsel for appellant were cases relating to personal actions, and this statute could not be invoked in those cases, because there never had been, as to the personal action, inability on the part of the plaintiff to sue the defendant in such personal suit. That is not true of an action in rem, like the action of ejectment. The court below took this view of the matter, sustained the demurrer to the plea of the statute of limitations, and, the complainants decling to amend, the bill was dismissed."

The appellee has filed a cross-appeal claiming that the trial court erred in not confirming his title to the mineral interest as prayed for in his cross bill. The chancellor declined to grant a confirmation, and in this we think he was in error. The evidence in this case is insufficient to support a finding of fraud and the prayer of the cross bill should have been granted.

The decree of the lower court is therefore affirmed on the direct appeal and on the cross appeal it is reversed and judgment will be here entered confirming the appellee's title to the one-half mineral interest.

Affirmed on direct appeal and reversed and judgment here on cross appeal.

*McGehee, C. J.,* and *Kyle, Holmes* and *Gillespie, JJ.,* concur.