GANDY, et al. *v.* BURKE.

No. 41093          March 23, 1959          109 So. 2d 926

*L. Barrett Jones,* Jackson, *Louie Bishop,* Waynesboro, for appellants.

242

*W. Vol Jones,* Waynesboro, for appellee.

HALL, J.

This suit was brought by Lizzie Gandy, Robert Lee Gandy and Colus Gandy, as the sole heirs-at-law of John Gandy, Deceased, in the nature of what we would term to be a suit to remove as clouds from their title a claim to a one-half oil, gas and mineral interest in eighty acres of land. Attached to the bill, which was filed September 27, 1957, was a copy of a forfeited land patent from the State of Mississippi to Joe Pinkerton dated July 25, 1941, and a deed for the eighty acres in question to Miss Caro Louise Burke dated July 29, 1941, and a deed from Miss Caro Louise Burke to John Gandy dated August 9, 1941,

and a deed for an undivided one-half interest in and to all of the oil, gas and other minerals of every kind and character in, on or under the eighty acres in question from John Gandy and Wife, Lizzie, to Miss Caro Louise Burke dated December 21, 1944.

The defendant answered the bill and with her answer included a plea of the ten-year Statutes of Limitation as set forth in Sections 709 and 710 of the Mississippi Code of 1942.

On January 27, 1958, the complainants amended the bill by alleging that John Gandy died intestate on October 23, 1954, leaving as his sole heirs-at-law the complainants herein, all of whom are adults.

On motion of the defendants the court separately heard the plea of limitation before a trial on the merits, and sustained the plea, whereupon the appellants declined to plead further and suffered their suit to be dismissed. From this action the appellants bring the case to this Court.

They first claim that the court erred in sustaining the plea of limitation.

Section 709 of the 1942 Code provides in part that ''A person may not make an entry or commence an action to recover land but within ten years next after the time at which the right to make the entry or to bring the action shall have first accrued to some person through whom he claims * * *''

Section 710 of the 1942 Code provides in part that ''A person claiming land in equity may not bring suit to recover the same but within the period during which, by virtue of the provisions hereinbefore contained, he might have made an entry or brought an action to recover the same, if he had been entitled at law to such estate, interest, or right in and to the same as he shall claim therein in equity * * *''

In the case of King v. Childress, 100 So. 2d 578, not yet reported in State Reports, we held that where the

property owner had actual knowledge for ten years prior to commencement of suit, or by use of reasonable prudence would have had knowledge that the instrument she executed was in fact a mineral deed rather than a royalty deed, and she could have brought suit at any time within a ten-year period but sat idly by until after oil was discovered that her action for cancellation of mineral conveyance was barred.

In the more recent case of H. D. Aultman, et al. v. Mrs. E. G. Kelly, et al., No. 41,051, decided on March 2, 1959, not yet reported in State Reports, we had occasion to discuss again these same sections of the Code and held that they applied, and we further held, supported by numerous authorities cited therein, that mere possession of the surface of the land was not adverse to the ownership of the minerals where nothing had been done toward taking possession of the minerals by drilling wells or digging mines or capturing the same.

■■ ■ From our statement of the facts it is apparent that the appellants permitted more than ten years to run before the institution of this suit, and the decision of the lower court sustaining the plea of limitation was manifestly correct.

The only other point raised by appellants which is necessary to mention is a contention that after the court had sustained the plea of limitation the court erred in refusing the appellants leave to amend their bill of complaint. In so refusing the chancellor stated that he must deny the motion to amend for the reason that the deeds in question are a part of the records of the county and no amount of amendment of the pleadings could eliminate those records, and further that that issue could have been considered at the time of the original amendment which was allowed by the court at the previous term, and that in equity and justice the court does not feel that it can or has any authority to allow an amendment at that time. Counsel for appellants argue that they are entitled to

amend, but upon consideration we are of the opinion that the chancellor gave excellent grounds for declining to permit another amendment. See Sections 392 and 393 of Griffith's Mississippi Chancery Practice, wherein it is stated that amendments are largely in the discretion of the court.

We do not think it is necessary to discuss any of the other questions raised and the decree of the lower court will accordingly be affirmed.

Affirmed.

*McGehee, C. J.,* and *Holmes, Ethridge* and *Gillespie, JJ.,* concur.