NEAL, et al. *v.* TEAT, et al.

No. 41619          January 16, 1961          126 So. 2d 124

*McClaren & McMillan,* McComb, for appellants.

*Hedgepeth, Ewing, Price & Hedgepeth,* Jackson; *David Gross,* New Orleans, La., for appellees.

GILLESPIE, J.

The question in this case is whether the defendant in a suit in equity by a landowner to cancel a deed to one-

half undivided interest in minerals on grounds of fraud may invoke the ten-year statutes of limitations, Sections 709 and 710, Mississippi Code of 1942, when the landowner's mineral deed has been of record for more than ten years before the suit was filed.

The original bill in chancery was filed by Oscar Neal and his wife, Hattie Neal, who alleged that they were the owners of 160 acres of land which was their homestead, and that on March 11, 1940, the agents of defendant A. H. Teat fraudulently obtained from the complainants a deed to an undivided one-half interest in and to the oil, gas and other minerals to defendant Teat. The fraud charged was that the grantee's agent falsely represented the instrument to be an oil, gas and mineral lease instead of a deed and that it was conditionally delivered. In short, the bill charged that the deed was fraudulently obtained. While sufficient allegations were made that the deed was voidable, the charges were insufficient, when taken as true, to show the deed was void. Defendants in the case are the grantee, A. H. Teat, and those claiming under him. The bill sought to cancel the deeds from complainants to Teat and the other instruments executed by Teat and his grantees as clouds upon complainant's title, and for a confirmation of complainant's title.

The mineral deed from complainants to Teat was executed on March 11, 1940, and filed for record on September 20, 1940, and duly recorded. This suit was filed on October 18, 1958.

The defendants demurred to the bill and the chancellor sustained the demurrer on the grounds that the action was barred under Code Sections 709 and 710. One of the defendants set up the bar of said statutes in a special plea, which was sustained. Complainants appeal to this Court.

The pertinent part of Code Section 709 is as follows: ''A person may not make an entry or commence an action to recover land but within ten years next after the

time at which the right to make the entry or to bring the action shall have first accrued to some person through whom he claims; or, if the right shall not have accrued to any person through whom he claims, then within ten years next after the time at which the right to make the entry or bring the action shall have first accrued to the person making or bring the same; . . . . ."

Code Section 710 is as follows: "A person claiming land in equity may not bring suit to recover the same but within the period during which, by virtue of the provisions hereinbefore contained, he might have made an entry or brought an action to recover the same, if he had been entitled at law to such estate, interest, or right in or to the same as he shall claim therein in equity; but in every case of a concealed fraud, the right of any person to bring suit in equity for the recovery of land, of which he or any person through whom he claims may have been deprived by such fraud, shall be deemed to have first accrued at and not before the time at which the fraud shall, or with reasonable diligence might, have been first known or discovered."

Code Section 709 is applicable only to suits at law to "make an entry" or "to recover land". Section 710 is the counterpart of Code Section 709 for suits in equity applicable to the same kinds of actions referred to in Code Section 709. Since the second section refers to the first, these two statutes are to be considered together. It should be noted that they are pure statutes of limitations as distinguished from Section 711 which is an adverse possession statute. Code Sections 709 and 710 may be used defensively only, while Code Section 711 provides that ten years' adverse possession vests full title and such title may be used offensively or defensively in suits at law or in equity.

The application of Code Sections 709 and 710 to cases involving suits for the cancellation of instruments creating the peculiar estate that the owner of a severed mineral interest holds presents some difficulties. The ques-

tion now before the Court was first presented in Hunt v. Davis, 208 Miss. 710, 45 So. 2d 350, but the Court found other grounds for the disposition of that case and pretermitted consideration of the application of Code Section 710 with the observation that the question was interesting but perplexing.

Code Sections 709 and 710 were contained in its present form, or substantially similar form, in all of the Codes since 1848. Since the enactment of Chapter 196, Laws of 1934, Section 717, Mississippi Code of 1942, a number of cases have been decided construing that statute, which limits the time that an owner may bring suit to cancel a tax title to two years, and have applied to that statute the same principles governing the application of Code Section 709 and 710. A study of the cases involving the application of Sections 709 and 710 on the one hand, and Chapter 196, Laws of 1934, on the other, clearly shows that the same principles apply and all these cases may be considered as one line of authority. And from this line of authority, the following principles are deduced.

The power of the legislature to prescribe within what reasonable time one having a mere right of action shall proceed is unquestionable; but a statute which, regardless of possession by the owner, reduces title to real estate to a mere right of action to be asserted within a prescribed period of time is an attempt to divest title without due process of law. A person who owns property, and who is in possession of it, has more than a right of action. He has everything the law can give him, and it is unnecessary that he resort to a suit to gain back that which he has never lost.

Neither of the statutes of limitations referred to may be invoked in a suit where (1) the complainant holds title, (2) has the actual or constructive possession of the property, and (3) the defendant, whose claimed adverse interest is sought to be cancelled, is not in possession. In short, statutes of limitations do not begin

to run against a person who has (1) good title, and (2) actual or constructive possession of lands, until an adverse entry has been made.

The line of cases announcing the foregoing principles include Dingey v. Paxton, 60 Miss. 1054; Kennedy v. Sanders, 90 Miss. 524, 43 So. 913; Newman v. White Lumber Company, 162 Miss. 581, 139 So. 838; E. L. Bruce Co. v. Smallwood, 188 Miss. 771, 196 So. 227; Grant v. Montgomery, 193 Miss. 175, 5 So. 2d 491; Russell Investment Co. v. Russell, 182 Miss. 385, 178 So. 815; Leavenworth v. Claughton, 197 Miss. 606, 19 So. 2d 815; Hooper v. Walker, 201 Miss. 158, 29 So. 2d 72; Leech v. Masonite Corp., 219 Miss. 176, 68 So. 2d 297.

All of the foregoing cases involved the statutes of limitations referred to above and in each instance the Court denied the defendants' attempt to invoke the bar of limitations. In those cases the only possession with which the court was concerned was actual or constructive possession of the whole estate in lands. No severed mineral interests were concerned.

In Continental Oil Company v. Walker, 117 So. 2d 333 (Miss.), the suit by the landowner sought cancellation of a forged deed to a mineral interest. The defendants claiming under the mineral deed pleaded the bar of Code Section 709 and 710. The Court refused to allow the defendants to invoke the statutes because they were not in possession, citing Kennedy v. Sanders, supra.

No appearance of disharmony is revealed in the above cited cases.

In Aultman v. Kelly, 236 Miss. 1, 109 So. 2d 344, suit was filed by the heirs of Cuevas for the cancellation of a deed to one-half of the minerals executed by Cuevas on April 30, 1945, on grounds of fraud. Cuevas died July 22, 1945. The mineral deed was recorded May 11, 1945. The suit was filed more than ten years after the death of Cuevas. There had been no actual possession of the minerals by drilling, etc., by those claiming

under the mineral deed. This Court reversed the lower court, holding that Code Sections 709 and 710 barred the action which accrued in that case not later than the date Cuevas died. It was held that the recorded mineral deed was constructive notice to Cuevas' heirs. Similar recent decisions applying the bar of Code Sections 709 and 710 in suits involving voidable mineral deeds were rendered in King v. Childress, 232 Miss. 766, 100 So. 2d 578, and Gandy v. Burke, 236 Miss. 241, 109 So. 2d 926. In Rankin v. Mark, 120 So. 2d 435 (Miss.), these same statutes were applied, but that case is outside the scope of the present issue because Sol Mark never had title to the minerals in question. Code Section 746 was properly the applicable statute in that case. It was also pleaded and applied.

There is at least an appearance of disharmony between the line of cases beginning with Dingey v. Paxton, supra, and ending with Continental Oil Co. v. Walker, on the one hand, and Aultman v. Kelly, King v. Childress, and Gandy v. Burke, supra, on the other. But the cases are all harmonious when proper consideration is given to the applications of Code Sections 709 and 710 to suits involving several mineral estates.

The ownership of the estate carved out of the general title when owner of the general title executes a deed to all or an undivided part of the oil, gas and other minerals, has in recent year given rise to new problems in applying old and established rules of law to a peculiar species of property. After the owner of the general title makes a severance by conveying the fee to all or a part of the minerals, the estate in the surface and the estate in the minerals must be and are regarded as separate and distinct estates, each being a fee simple estate in lands with all the incidents and attributes of such an estate. Harris v. Currie, 142 Tex. 93, 176 S. W. 2d 302; 58 C. J. S., Mines and Minerals, Section 156, page 328. One of the areas in which the advent of the severed mineral estate creates new problems in applying estab-

lished rules of law is that of possession—the dominant factor in the results reached in each of that line of cases beginning with Dingey vs. Paxton, supra.

Possession of the surface alone is not adverse to the owner of the severed mineral estate. Levy v. Campbell, 200 Miss. 721, 28 So. 2d 224. Upon acquiring title to the severed mineral fee estate the owner takes constructive possession of the mineral estate conveyed although the grantor retains title and actual possession of the surface. The theoretical possession known as constructive possession follows in the wake of title.

The deed appellants executed to Teat was voidable but was operative to convey the property and vest the separate and distinct severed mineral estate in Teat unless and until set aside by the court. 16 Am. Jur., Deeds, Section 23. Under it the grantee took constructive possession of the severed mineral estate. Assuming the deed from appellants was voidable, as we must do since the demurrer so admits, appellants had a mere right of action to have the court set it aside, so we are not confronted with the constitutional prohibition against divesting title by reducing the title of an owner in possession into a mere right of action to be exercised within the statutory period. So long as the deed to Teat was not set aside by the court, appellants were without title or possession, actual or constructive, to the severed mineral estate. Resort to an action "to recover land" was necessary to gain back both title and possession.

In every one of the cases denying to the defendant the right to invoke Sections 709 and 710 because he was not in possession, the complainant held title and possession, actual or constructive. Where complainant is not in actual or constructive possession there is no basis for the principles laid down in the line of cases beginning with Dingey v. Paxton, supra. Those principles do not apply in the present case because appel-

lants had neither title nor possession to the severed mineral estate while Teat and his grantees had both as long as the voidable deed was not set aside. Appellants had the right to bring an action and recover that which the deed conveyed away. They knew they had executed a document. It was of public record for many years past the statutory ten before they filed this suit. The action was barred by Code Sections 709 and 710.

Several of the decisions in the line of cases beginning with Dingey v. Paxton, supra, hold than an actual adverse entry by the defendant and actual adverse possession under such entry for the statutory period is required in order for the defendant to invoke the statutes of limitations. But in those cases, complainant had both good title and possession and the party out of possession in most instances, if not all, held a void claim. The position of the parties is different in this case for defendants had for the statutory period both title and constructive possession and it was not necessary, in order for defendants to invoke the statutes of limitations, to make an actual adverse entry or hold actual possession for the statutory period.

This decision is consistent with Continental Oil Company v. Walker because the mineral deed in that case was a forgery and utterly void and invalid for any purpose whatsoever. 16 Am. Jur., Deeds, Section 23.

The lower court properly sustained the demurrer and plea and the decree is affirmed.

Affirmed.

All Justices concur.