WILLIAMS, et al. *v.* PHOENIX MINERALS CORPORATION, et al.

No. 42718          December 9, 1963          158 So. 2d 51

*Jesse W. Shanks,* Purvis, *R. L. Calhoun,* Hattiesburg, for appellants.

*Morse & Morse,* Gulfport, for appellees.

McGEHEE, C. J.

In this case the chancellor of the District which included the County of Pearl River, where the case was tried, recused himself and by agreement of the parties

Chancellor William Neville of the Twelfth Chancery District tried the case. In his opinion he found that the suit was barred by the ten-year statute of limitations set forth in Sections 709 and 710 of the Code of 1942, and dismissed the bill of complaint.

The facts disclosed by the witnesses for the complainants were that Mr. J. E. Williams, from whom his widow and daughters claimed the minerals under 1560 acres of land in Pearl River County, (three-fourths of which are involved in this suit) at one time worked for the Edward Hines Lumber Company; and that he acquired from his employer some cut-over lands, wherein the minerals were reserved on part of the land and were not reserved in the conveyances of other lands to him. His sole heirs at law were his widow Mrs. Lula Williams, and his adult daughters Mrs. Irma Thompson, Mrs. Jo Williams Pilet, complainants herein, and Mrs. Myrtle Payne. The appellees herein are the Phoenix Minerals Corporation of Gulfport, Mississippi, and others, who are the remote grantees of Ran Batson, the grantee named in the quitclaim deed of conveyance sought to be cancelled by this suit.

The proof shows that the complainant Mrs. Lula Williams, who continued to reside at Poplarville, Mississippi after her husband's death in 1923, was en route on November 7, 1939, to the postoffice and was passing the law office of a highly respected and capable attorney, when the attorney spoke to her and stated in substance: "Miss Lula, how are you? I have a paper for you to sign to clear up a little error in a deed given by your husband several years ago, and I want to also ask that you get your daughters to sign it."

That the complainant Mrs. Lula Williams thereupon signed a quitclaim deed, without any consideration being paid to her, in favor of R. Batson, usually known as Ran Batson, (a brother-in-law of the attorney who procured the deed), conveying her undivided interest in

the minerals under 1560 acres of land which her husband J. E. Williams had previously conveyed to one C. O. Eure, reserving unto himself the minerals thereunder.

There were no witnesses for the appellees. Those who were informed as to the facts in their behalf were dead at the time of the trial, and consequently we are without their version of what occurred on the occasion complained of. The record indicates that the appellant Mrs. Lula Williams mailed the quitclaim deed of conveyance in question to two of her adult daughters in New Orleans, Louisiana, and at her request they likewise executed the same, without consideration, before a notary public in said city and returned it to their mother, the said Mrs. Lula Williams.

Thereupon this quitclaim deed was duly placed of record in Pearl River County, where it has remained of record since December 5, 1939. The deed was also sent by Mrs. Lula Williams to her other adult daughter, Mrs. Myrtle Payne at Dallas, Texas, who failed to sign the same and testified upon the trial of this case that she declined to do so upon the advice of her husband. She returned the deed, together with the nominal consideration, sent to her by the attorney who prepared the same.

During the year 1956 Mrs. Payne was contacted by a representative of the appellee Phoenix Minerals Corporation of Gulfport, Mississippi, and he purchased for and on behalf of the said Phoenix Minerals Corporation and others the one-fourth undivided mineral interest of the said Mrs. Myrtle Payne in the said 1560 acres of land which she had inherited from her father J. E. Williams, as one of his four sole heirs at law, and under which conveyance her father had reserved the minerals to himself in his conveyance of said land several years before to Mr. C. O. Eure, and for her one-fourth undivided interest in the minerals Mrs. Payne received a cash consideration of $1,900.

Upon receipt of this money for her undivided mineral interest Mrs. Payne immediately contacted by telephone her mother Mrs. Lula Williams and one of her sisters who had signed the quitclaim deed and inquired of them as to what consideration they received for the sale of said minerals, and she thereby learned that they had not received anything. Thereafter the complainants, Mrs. Lula Williams, widow of J. E. Williams, and her two daughters Mrs. Irma Thompson and Mrs. Jo Williams Pilet, who had signed the quitclaim deed in New Orleans, filed this suit to cancel their quitclaim deed of conveyance, the suit having been filed on January 5, 1961.

In the meantime the title to the minerals in question had passed through mesne conveyances to the said Phoenix Minerals Corporation and others as innocent purchasers for value without notice. No examination of the records in the chancery clerk's office would have revealed that the grantors in the quitclaim deed in question intended to reserve any minerals, since the same are not mentioned therein. The appellees were entitled to rely upon this quitclaim deed, since it contained no reservation of minerals; they were entitled to assume that the minerals were to be conveyed and were conveyed with the land described.

It is stipulated and agreed that R. Batson died during the year 1948, and that the attorney who obtained the quitclaim deed from the complainants died during the year 1958.

It appears that R. Batson, the grantee in the quitclaim deed in question, had acquired title to, and was in continuous possession of the land through Mr. C. O. Eure from and after November 7, 1939, and that J. E. Williams had died intestate, leaving the complainants Mrs. Lula Williams, Mrs. Irma Thompson, and Mrs. Pilet as his sole heirs at law with the exception of his other daughter Mrs. Myrtle Payne, who conveyed

to the appellees her one-fourth undivided interest in the minerals here involved in 1956.

In other words, this suit was not filed until twelve years or more after the death of R. Batson, the grantee in the quitclaim deed sought to be cancelled, and two years after the death of the attorney who was instrumental in obtaining the said conveyance.

This Court is of the opinion that the case is controlled in all of its essential particulars in favor of the appellees by the principles announced and the questions decided in the case of Neal v. Teat, 240 Miss. 35, 126 So. 2d 124. See also Rankin v. Mark, 238 Miss. 858, 120 So. 2d 435; Aultman v. Kelly, 236 Miss. 1, 109 So. 2d 344; King v. Childress, et al, 232 Miss. 766, 100 So. 2d 578; Dunn v. Dent, 169 Miss. 574, 153 So. 798; Jones v. Rogers, 85 Miss. 802, 38 So. 742. In the latter case the Court held that the complainant must exercise reasonable diligence to discover the fraud sooner, or that he could not with reasonable diligence have discovered it, when he relies on concealed fraud to prevent the running of the statute of limitations. A casual examination of the records in the instant case would have revealed that the grantors have not reserved the minerals in question.

In Neal v. Teat, supra, the facts are stronger in favor of the grantors, Neal and his wife, than the facts are in favor of the grantors in the case at bar. In that case the conveyance executed by the Neals was represented to them to be an oil, gas and mineral lease, and not a deed, whereas in the case at bar no mention is made one way or the other about any minerals, and the attorney as representative of the appellees is not claimed to have made any statements whatsoever to either Mrs. Thompson or Mrs. Pilet, or that the said attorney made any false representations to Mrs. Lula Williams as to what the deed conveyed. In that case the Court said: "They knew they had executed a document. It was of

public record for many years past the statutory ten before they filed this suit. The action was barred by Sections 709 and 710.''

The deed in the case at bar was voidable, if the suit had been filed in due time, but it was not void. Moreover, the rule of concealed fraud does not apply where the instrument in question is on the public records. McMahon v. McMahon, No. 42,792, decided November 18, 1963.

We are of the opinion that the action of the chancellor in holding that this suit was barred by Sections 709 and 710, Code of 1942, was eminently correct and that the case should therefore be affirmed. The appellants seek to avoid the effect of Sections 709 and 710, Code of 1942, on the ground of ''concealed fraud''. But the Court is of the opinion that this contention is not sustained by the proof.

Affirmed.

*Ethridge, McElroy, Jones and Brady, JJ.,* concur.