242 So.2d 444 (1970)
Mrs. Lola M. COVINGTON and husband Stuart Covington and Placid Oil Company
v.
Mrs. Rebecca M. BUTLER and Texaco, Inc.
No. 45987.
Supreme Court of Mississippi.
December 21, 1970.
*445 Boyd, Holifield & Harper, Laurel, for appellants.
Riddell & Dabbs, Quitman, Hall, Callender & Dantin, Columnia, John W. Kelly, Jr., New Orleans, La., for appellees.
INZER, Justice.
This is an appeal by Mrs. Lola M. Covington and her husband Stuart Convington from a decree of the Chancery Court of Clarke County quieting and confirming the title of appellee, Mrs. Rebecca M. Butler to an undivided one-fourth mineral interest in twenty acres of land in the southeast quarter of Section 3, Township 2 North, Range 16 East in Clarke County and dismissing appellant's cross bill to cancel the claim of appellee to the minerals as a cloud on their title.
The record reflects that W.R. McCarra acquired title to the land in question in 1911. In 1931 he and his wife conveyed one-half of the minerals to J.A. Baker and this conveyance is not questioned by any of the parties in this case. On June 11, 1934, W.R. McCarra conveyed all his right, title and interest in the land to James W. Butler. On September 24, 1934, James W. Butler by John Sharp Butler, attorney in fact, conveyed all his right, title and interest in the land back to W.R. McCarra, but retaining to James W. Butler an undivided one-fourth interest to the oil, gas and other minerals in, on or under the land. This deed was duly filed for record on the same date and was recorded. Thereafter on September 28, 1942, W.R. McCarra conveyed a one-fifth interest in the minerals to C.L. Higgason. McCarra then according to the foregoing conveyances owned the surface and an undivided 1/20 of the minerals.
James W. Butler died prior to 1952 and left surviving him as sole heir at law his widow, the appellee, Mrs. Rebecca M. Butler. In 1952 Mrs. Butler filed the suit seeking to set aside certain conveyances purporting to convey the one-fourth mineral interest which she alleged was owned by her deceased husband. An agreed decree was entered whereby the other parties conveyed to Mrs. Butler any claim they had to the minerals in question. W.R. McCarra was not a party to this litigation.
On January 12, 1956, W.R. McCarra executed an oil, gas and mineral lease to Homer Lynn whereby his interest in the minerals was described as being an undivided 1/20 interest. On January 21, 1956, appellee executed an oil, gas and mineral lease to Homer Lynn conveying a one-fourth interest in the land. Apparently *446 these leases expired and are no longer in effect.
On January 20, 1962, Mrs. Butler leased her one-fourth mineral interest in the land to Texaco, Inc. and she recognizes this conveyance as being a valid and subsisting lease of her mineral interest.
On January 26, 1962, W.R. McCarra conveyed the land in question by warranty deed to Mrs. Lola Jones, his granddaughter, who is now appellant, Mrs. Lola Covington. This deed purported to convey the entire surface and all the minerals. On March 10, 1966, appellants executed an oil, gas and mineral lease to Placid Oil Company whereby they purported to convey all the minerals in, on and under the twenty acres in question. On May 20, 1969, appellee filed this suit to quiet and confirm her title to an undivided one-fourth mineral interest in the land subject only to the lease to Texaco, Inc. and to cancel any claim of appellants and Placid Oil Company to the undivided one-fourth mineral interest.
Appellant answered and admitted that the claims of the mineral interest of J.A. Baker and C.L. Higgason were valid conveyances but denied that appellee was the owner of an undivided one-fourth mineral interest in the land. Appellants admitted that W.R. McCarra executed the deed of James W. Butler but affirmatively alleged that the consideration for the execution of this instrument wholly failed and that it should be set aside and held for naught. Appellants also allege that the purported deed from James W. Butler to W.R. McCarra whereby Butler attempted to retain one-fourth mineral interest was not a valid instrument because the attorney in fact, John Sharp Butler, had no authority to execute the deed. Appellants by a cross bill sought to have the claim of appellee and Texaco, Inc. to the one-fourth mineral interest cancelled and held for naught as a cloud on their title.
After a hearing the trial court held that the deed of W.R. McCarra to James W. Butler was not void on its face and was not void because of a failure of consideration, because appellants had failed to meet the burden of proof to show such failure. The court also held that the deed from James W. Butler, by John Sharp Butler, attorney in fact, was not void on its face, but subject to ratification and that the proof clearly showed that James W. Butler and his successor in title had ratified the action of the attorney in fact. The court also held that the action of the parties clearly showed that it was known and understood by W.R. McCarra that James W. Butler had reserved one-fourth mineral interest. The court also held that W.R. McCarra and appellants were estopped at this late date to deny the validity of the deed both by the doctrine of laches and the statute of limitation as expressed by Sections 709 and 710, Mississippi Code 1942 Annotated (1956). A decree was entered quieting and confirming the title of appellee to an undivided one-fourth mineral interest in the land and dismissing the cross bill.
Appellants assign and argue several grounds for reversal of this case, but we will only discuss those grounds which we think merit discussion. The principal contention of appellants is that the trial court was in error in failing to find that the deed executed by W.R. McCarra to James W. Butler was void due to failure of consideration. The deed itself recites the consideration, it states:
For and in consideration of the sum of Ten ($10.00) Dollars cash in hand paid to me, W.R. McCarra by James W. Butler, and certain other good and valuable consideration delivered to me by James W. Butler, the receipt of all of which is hereby acknowledged, and because of receiving said consideration from James W. Butler, I, W.R. McCarra hereby bargain, sell, transfer, convey, and quitclaim all right, title and interest that I am seized with in the following described land located in Clarke County, Mississippi, as described as follows, to-wit: * * *.
*447 Appellant contends that the testimony of the only witness who testified relative to the failure of consideration was uncontradicted and therefore, the chancellor was manifestly wrong in finding that they had failed to prove a failure of consideration. Assuming, but not deciding, that the testimony of this witness, in the absence of the charge of fraud, was competent, we are of the opinion that the chancellor was justified in finding that the appellant had failed to meet the burden of proof to show a failure of consideration. This witness was not present at all times during the transaction and did not know whether the cash consideration recited in the deed had been paid or not. It is not contended that the conveyance by McCarra was not a voluntary action on his part and there is no allegation that he was induced to sign the deed by fraud and the sole ground upon which appellant seeks to set aside the deed is the failure of consideration. It is well settled law in this state that in the absence of fraud, a voluntary conveyance of land cannot be set aside at the instance of the grantor because of failure of consideration. In Campbell v. State Highway Commission, 212 Miss. 437, 54 So.2d 654 (1951), we said:
The contention that appellants' land is being taken without consideration is not well founded as, in the absence of fraud, a voluntary conveyance of land can not be vacated at the instance of the grantor upon the ground that it was made without any consideration. In Longmire v. Mars, et al. 124 Miss. 77, 86 So. 753, 754, the court held: "A total failure of consideration for a voluntary conveyance, in the absence of fraud, is no ground for a cancellation of the deed. This has been repeatedly decided by this Court. In the case of Dixon v. Milling, et al., 102 Miss. 449, 59 So. 804, 43 L.R.A., N.S., 916, the opinion quotes from Day v. Davis, 64 Miss. 253, 8 So. 203, as follows: `A voluntary conveyance of land cannot be vacated, at the instance of the grantor thereof, upon the mere ground that it was made without any consideration; nor will such grantor be permitted to dispute the existence of the consideration expressed in the deed.'" (212 Miss. at 443, 54 So. at 656, 657).
Appellant also contends that the chancellor was in error in finding that James W. Butler and his successor in title had ratified the deed executed by John Sharp Butler as an attorney in fact for James W. Butler. Assuming that appellant had the right to question the authority of the attorney in fact to act for James W. Butler, the question whether James W. Butler ratified the action of his agent John Sharp Butler was a question of fact for the determination by the chancellor. He found from the evidence that James W. Butler by his actions did ratify the act of his agent and we cannot say that this finding of the chancellor was wrong, much less manifestly wrong. The record shows that John Sharp Butler acted as agent for James W. Butler, when the deed was executed by W.R. McCarra to James W. Butler. It also shows that by a written instrument duly recorded James W. Butler appointed John Sharp Butler as his attorney in fact, granting him authority to convey the land in question and other land. However, this instrument had expired at the time the deed to McCarra was executed. Neither James W. Butler nor his successor in title, nor W.R. McCarra ever questioned the validity of this deed. In fact, it appears that both recognized the status of the mineral interest after the execution of the deed.
There is no merit in appellant's contention in that the trial court was in error in quieting and confirming the title to the one-fourth mineral interest when appellee was not in actual possession of the land. It is a well settled rule that one seeking to quiet and confirm title to land must be in possession. However, in this case Mrs. Butler was in constructive possession of the one-fourth mineral interest in question and such possession was sufficient to enable *448 her to have her title to the same quieted and confirmed. We held in Levy v. Campbell, 200 Miss. 721, 28 So.2d 224 (1946), that possession of the surface alone is not adverse to the owner of the severed mineral estate. In Neal v. Teat, 240 Miss. 35, 126 So.2d 124 (1961), we said:
Upon acquiring title to the severed mineral fee estate the owner takes constructive possession of the mineral estate conveyed although the grantor retains title and actual possession of the surface. The theoretical possession known as constructive possession follows in the wake of title. (240 Miss. at 43, 126 So.2d at 127).
The chancellor was also correct in holding that appellee could invoke the statute of limitations in defense of appellant's claim under their cross bill. At most, the deed from James W. Butler by John Sharp Butler, his attorney in fact, was voidable and under Sections 709 and 710, the action to set aside the deed claiming to be void must be brought within ten years. In Neal v. Teat, supra, we said in this regard:
The deed appellants executed to Teat was voidable but was operative to convey the property and vest the separate and distinct severed mineral estate in Teat unless and until set aside by the court. 16 Am.Jur., Deeds, Section 23. Under it the grantee took constructive possession of the severed mineral estate. Assuming the deed from appellants was voidable, as we must do since the demurrer so admits, appellants had a mere right of action to have the court set it aside, so we are not confronted with the constitutional prohibition against divesting title by reducing the title of an owner in possession into a mere right of action to be exercised within the statutory period. So long as the deed to Teat was not set aside by the court, appellants were without title or possession, actual or constructive, to the severed mineral estate. Resort to an action "to recover land" was necessary to gain back both title and possession. (240 Miss. at 43, 126 So.2d at 127).
For the reasons stated we are of the opinion that this case should be and it is affirmed.
Affirmed.
ETHRIDGE, C.J., and RODGERS, JONES and BRADY, JJ., concur.