326 So.2d 320 (1976)
W.W. DENT
v.
R.L. CALHOUN and R.L. Windham.
No. 48482.
Supreme Court of Mississippi.
February 10, 1976.
Rehearing Denied February 24, 1976.
*321 Kenneth Crawford, Collins, for appellant.
R.L. Calhoun, Hattiesburg, for appellees.
Before GILLESPIE, WALKER and BROOM, JJ.
BROOM, Justice:
Again before us is the question of whether or not the defendant in a suit brought by a landowner to cancel a defendant's mineral deed on grounds of fraud may be barred by the ten year statutes of limitation in a situation where the mineral deed has been of record more than ten years prior to commencement of the suit. This appeal is from the Chancery Court of Covington County which held that the suit is barred by the ten year statute under Mississippi Code Annotated sections 15-1-7 and 15-1-9 (1972). We affirm.
The following facts are gleaned from the record. Estella Zinnerman, on May 26, 1955, conveyed the entire mineral interest in the land in question to appellees, Windham and Calhoun. On May 27, 1955, the mineral deed was filed for record in the office of the Chancery Clerk of Covington County, Mississippi, but was not actually recorded until June 14, 1955. By forfeited tax land patent the State of Mississippi, on June 9, 1955, conveyed the land and minerals to Estella Zinnerman, who had several days earlier conveyed the minerals to the appellees. She filed her patent for record on June 13, 1955, and it was recorded the following day, on which date her prior conveyance to the appellees was recorded. On June 11, 1955, Zinnerman conveyed the land to appellant, Dent, who was complainant below, which conveyance by warranty deed was filed for record June 13, 1955, and recorded the following day. The suit presently before us was filed by Dent as complainant on August 31, 1973, against appellees, Windham and Calhoun, as a cloud suit to cancel the deed from Zinnerman to the appellees.
We hold that the chancellor correctly found that within a few days after the controversial deed was executed by Zinnerman to appellees, the appellant, Dent, learned of the deed, but (after having actual knowledge of its being on record) he waited until more than ten years elapsed before filing the suit. The chancellor correctly found that the suit was barred by the statutes of limitation referred to above and dismissed the suit.
This case is controlled by Neal v. Teat, 240 Miss. 35, 126 So.2d 124 (1961). As pointed out in Neal, one who acquires title to the severed mineral fee estate takes constructive possession of the mineral estate conveyed "although the grantor retains title and actual possession of the surface." Constructive possession, although theoretical, follows in the wake of title.
Here, as in Neal, assuming that the deed in question (not shown to be void) may have been voidable, it was effective to vest title in the appellees (grantees) until the instrument was vacated or set aside by some court. Pursuant to the deed, the appellees held constructive possession of the severed mineral estate, and the appellant had a right of action to seek to have the deed set aside. Again, as stated in Neal:
So long as the deed to Teat was not set aside by the court, appellants were without title or possession, actual or constructive, to the severed mineral estate. Resort to an action "to recover land" *322 was necessary to gain back both title and possession.
Bound by the rule of Neal, having taken no action for more than ten years, the appellant is now barred by Code sections 15-1-7 and 15-1-9. A different result would be the case if the deed in question (that of appellees) were absolutely void. Since appellees had both title and constructive possession of the subject minerals for the entire ten year statutory period, it was not necessary, in order for them to invoke the statutes of limitation, to actually and literally invade or make some adverse physical entry upon the land or capture the minerals or hold actual possession of them.
Affirmed.
GILLESPIE, C.J., and PATTERSON, INZER, SMITH, ROBERTSON, SUGG and WALKER, JJ., concur.