PATTERSON, Presiding Justice:
This is an appeal from the Chancery Court of the First Judicial District of Jasper County which sustained special pleas and defenses of the statute of limitations interposed by the defendants below and dismissed the case against them. The court held the appellants had not complied with Mississippi Code Annotated sections 15-1-7 and 15-1-9 (1972) which require suit for the recovery of land to be commenced within ten years after the cause of action accrues.
The issue before the Court is whether a landowner’s suit to cancel mineral deeds on the ground of fraud is barred by limitations after notice of constructive possession is proclaimed by filing the mineral deeds for record upon the land rolls of the county.
It is the Court’s opinion that all issues presented are controlled by Neal v. Teat, 240 Miss. 35, 126 So.2d 124 (1961), and Dent v. Calhoun, Miss., 326 So.2d 320, No. 48,482, decided by this Court 1976, and not yet reported. We adhere to the rule of Neal, siipra, and its subsequent repro-nouncements and distinguish it from McMahon v. McMahon, 243 Miss. 89, 137 So. 2d 520 (1962), upon the basis of judicial discretion. McMahon states in part:
“ . . . If the demurrer raise merely a doubtful question or if the case be such that the cause of justice will probably be promoted by a determination of the ultimate right only on answer and proof, the court ought to exercise a fair judicial discretion to that end, although *58 it may be that in technical point the grounds of the demurrer are sustainable in strict law.” Griffith’s Mississippi Chancery Practice, Second Edition, 1950, p. 297, Demurrers, par. 310. (243 Miss, at 97-98, 137 So.2d at 524).
We are of the opinion the present action was barred by the limitations expressed in Mississippi Code Annotated section 15-1-9 (1972) and the chancellor properly sustained the special pleas and the demurrers to the bill of complaint.
Affirmed.
GILLESPIE, C. J., INZER, P. J., and SMITH, ROBERTSON, SUGG, WALKER and BROOM, JJ., concur.