WILLIAM H. BIZZELL, Commissioner for the Court:[1]
This is an appeal from a decree of the Chancery Court of Jefferson Davis County *374 sustaining general and special demurrers and dismissing a bill of complaint which sought to remove clouds on title to a one-fourth mineral interest and reform a 1952 deed so as to make clear the reservation thereby of the mineral interest in question.
The bill alleges, and for the purpose of the demurrers we assume as true, the following facts: W. C. McLeod owned eighty acres of land, less one-half the minerals which had been reserved by an earlier owner. In 1952, McLeod conveyed the eighty acres to Vester Thompson, Jr. by warranty deed in which was stated: “One Fourth interest in all minerals and oil is reserved to the Grantor.”
Both the grantor McLeod and the grantee Thompson, as well as the preparer of the deed who was a person unskilled in the law, knew that one-half of the minerals had previously been reserved, and that McLeod owned only one-half, and all three intended that McLeod reserve one-fourth and that Thompson receive only the remaining one-fourth. The bill sets out certain facts claimed to support this allegation including an instrument executed in 1974 by Thompson and the heirs of McLeod, recognizing that one-fourth of the minerals remained in McLeod and his heirs, and reforming the deed by agreement to provide that the one-fourth reservation to Grantor was in addition to mineral interests previously reserved. Meanwhile, however, in 1971 Thompson had executed a mineral lease to one Sims. This lease did not define the interest owned by Thompson but contained a “proportionate reduction clause” providing that rentals and royalties would be proportioned to the interest actually owned by lessor. Defendants, appellees, are the present owners of this lease. In 1974 and 1976 complainants, appellants, acquired all mineral interests owned by the heirs of McLeod.
The bill of complaint sought a decree recognizing that appellants own the one-fourth mineral interest alleged to have been reserved by their predecessor McLeod, and removing as clouds the claims of appellees. By amendment to the bill appellants prayed for reformation of the 1952 deed so as to make clear the reservation thereby of the one-fourth mineral interest in question. To the bill of complaint as amended the defendants, appellees, filed a general demurrer, a special demurrer based upon the Statutes of Limitations, Mississippi Code Annotated, Sections 15-1-7 and 15-1-9 (1972), plus an answer which included the affirmative defense that appellees are innocent purchasers for value without notice. The chancellor sustained the special demurrer and the general demurrer and dismissed the bill of complaint.
On its face the 1952 deed conveyed and warranted the entire tract except for the reservation of one-fourth of the minerals; accordingly, its apparent effect was to convey three-fourths of the minerals. Since McLeod only owned one-half of the minerals, the apparent result was to convey that one-half, breach the warranty as to one-fourth, and reserve nothing to McLeod. See Brannon v. Varnado, 234 Miss. 466, 106 So.2d 386 (1958), and the cases cited therein.
The bill of complaint alleges however that the above result was not intended by either of the parties, and that the language constituted a mutual mistake. As between the parties the deed is certainly subject to reformation - to show the real intent. The case of Smalley v. Rogers, 232 Miss. 705, 100 So.2d 118 (1958) allowed reformation of a deed in which the mutual mistake was practically identical to the one alleged here.
The principal question on this appeal is whether the ten year statute now bars a reformation. Sections 15-1 — 7 and 15-1-9, applicable here, speak in terms of “make an entry” and “commence an action to recover land.” In Newman v. J. J. White Lumber Co., 162 Miss. 581, 139 So. 838 (1932), this Court held that these statutes do not begin to run against one in the actual or constructive possession of land, and who has the right to such possession. Hence the Statute of Limitations did not begin to run against McLeod here unless he had lost possession. In Neal v. Teat, 240 Miss. 35, 126 So.2d 124 (1961), we held that the ten year statute *375 had run against grantors who sued to cancel a deed to a mineral interest on grounds of fraud. The reasoning in that case was that the grantee got title under the deed, since it was not void but only voidable, and he also got the constructive possession of the mineral interest. Hence complainant grantors had neither title nor possession and the Statute ran against them and barred their suit.
We consider however that the holding in Neal is not applicable here. Unlike the grantee in Neal, the grantee Thompson did not intend or claim to possess the one-fourth mineral interest in question. It would be illogical to reason that one has the constructive possession of a mineral interest even though he does not understand that he owns it, does not claim it, and does not intend to possess it. We think that the element of intent to possess is an integral part of the concept of constructive possession. Black’s Law Dictionary, Revised Fourth Edition, 1968, defines constructive possession as “possession not actual but assumed to exist, where one claims to hold by virtue of some title, without having the actual occupancy . . . .” (Emphasis added).
3 Am.Jur.2d “Adverse Possession” Section 30 (1962), under the general subject of constructive possession, states as a limitation on the doctrine of constructive possession under a title:
The presumption that where a person has a title and possession conformable to it he is presumed to possess according to the title and to the full extent of its limits, has been held not to apply to land erroneously included in the deed, where the Grantee did not possess or intend to possess such land.
Authority for this statement is the case of Agurs v. Holt, 232 La. 1026, 95 So.2d 644 (1957), in which the Court states:
But, where it is shown, as here, that the purchaser did not intend to buy or possess the property, as described in the deed, there is no basis for a conclusion that he has possessed conformably to the title, and, even if it is found that he possessed a part, the presumption that he possessed according to the title is rebutted by the fact that no such possession was intended. 95 So.2d at 649.
For a further example, many cases involving constructive rather than actual possession of narcotic drugs emphasize that there must be an intent to possess. In Rodella v. United States, 9 Cir., 286 F.2d 306 (1960), a narcotics case, the Court discusses actual and constructive possession and says:
Constructive possession- is that which exists without actual personal occupation of land or without actual personal present dominion over a chattel, but with an intent and capability to maintain control and dominion.
286 F.2d at 311.
These authorities, while not directly in point here, do support the conclusion that constructive possession requires not merely some title or right to possess, but also the intention to claim or possess.
Accordingly, where, as alleged in the bill of complaint here, a certain mineral interest was included in the deed by mutual mistake, and the grantee does not claim such interest nor intend to own or possess same, such grantee does not have constructive possession, and the Statute of Limitations in a suit for reformation will not begin to run against grantor until he has notice of some adverse claim thereto or his possession is disturbed in some manner. In the instant case it appears that this did not occur prior to 1971.
Both parties here have argued questions having to do with notice to appellees. This may well be the principal issue on the trial of this case, in connection with the affirmative defense that appellees are purchasers for value without notice. But we think this question should not be determined on demurrer. “The defense of bona fides is an affirmative one, and must be raised by answer, and not by demurrer unless all the facts necessary to establish it are alleged in the bill.” Griffith, Mississippi Chancery Practice, Second Edition, Section 301 (1950). Looking only at the bill of *376 complaint here we cannot say that sufficient facts are alleged to establish that ap-pellees are purchasers for value without notice.
Accordingly, the action of the chancellor in sustaining the demurrers and dismissing the bill of complaint is reversed and this cause is remanded to the chancery court for further proceedings in accord with this opinion.
REVERSED AND REMANDED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.

. Sitting pursuant to Chapter 430, Laws of 1976. The above opinion is adopted as the opinion of the Court.