GILLESPIE, Presiding Justice.
David E. Robinson, his wife, and J. C. Searcy, Jr., a lessee of the Robinsons, filed suit in the Chancery Court of Rankin County to remove clouds upon the title to a certain tract of land and to have title confirmed in them. The numerous defendants claim the property through certain instruments which are set out below.
The land in question was owned in 1901 by Gus Brown who, along with his wife, executed the following contract (hereinafter Exhibit “A”) which appears of record in the Office of the Chancery Clerk of Rankin County:
CONTRACT
In consideration of $1.00 and other good and valuable considerations, the receipt of which is hereby acknowledged, we hereby grant, bargain, sell, convey and warrant to J. H. Rhodes & Co., and his assigns, a three-fourths interest in and to all oil, gas, minerals and stone of whatever kind, quality or description that *747 may be found on, in or under the following described lands lying and being in Rankin County, State of Mississippi, to-wit: S14 of SJ4 Sec. 24, T5, R4E.
And we further sell, convey and warrant to said J. H. Rhodes & Co., and his assigns, the right to enter upon said lands and use all timber, stone and any other material and to erect houses for operations, store houses, warehouses and other necessary buildings, and to look for oil, sink shafts, wells and lay pipes and make excavations, build and operate railways, tramways and roadways, and to do all things which may be lawful in carrying out the purposes and privileges above enumerated upon any and all parts of said lands free of any and all cost or damage to the said J. H. Rhodes & Co.
In the event of securing oil or mineral, is to enter into bond to faithfully pay to Gus and Mary Brown one fourth of the net proceeds thereof in monthly payments.
Witness our signatures this the 24th day of June, 1901.
On April 11, 1901, Gus Brown and his wife executed a contract (hereinafter Exhibit “B”) which was placed on record in the office of the Chancery Clerk, and which reads as follows:
CONTRACT
In consideration of $1.00, and other good and valuable considerations, the receipt of which is hereby acknowledged, we hereby grant, bargain, sell, convey and warrant to John H. RhoZdes & Co. and their assigns a ¿4ths interest in and to all oil, gas, minerals and stones of whatever kind, quality or description that may be on, in or under the following described lands, lying or being in Rankin County, State of Mississippi SJ4 of S(4 Sec. 24 T5RSE-
And we further sell, convey and warrant to the said Jno. H. Rhodes & Co., their assigns, the right for the next three years from and after this dated to enter upon said above described lands and search for indications of oil, coal and minerals of any and all kinds, and to use any and all timbers, stone and any other material necessary in the erection of houses for use of operations, store houses, warehouses, and other necessary buildings, and to bore for oil, sink shafts, wells and lay pipes and make excavations; build and operate railroads— tramways and roadways — and to do all things which may be lawful in carrying out the purposes above enumerated upon any and all parts of said lands, free of any and all cost or damages to said John H. Rhodes & Co.
In the event of securing oil or mineral in paying quantities within the three year limit, then this deed of conveyance of right and privileges to be perpetuated or as long as there is profit in it. But, in case nothing valuable is found within the three years, then this contract is to be void and cancelled. But, in case oil, iron or valuable mineral of any kind be found, then as a part of this agreement, the said Jno. H. Rhodes & Co. is to enter into bond to faithfully pay to — (no name shown here) 14th of the proceeds thereof in monthly installments.
Witness our signatures, this April 11, 1902.
It is contended that notwithstanding the error in the range number, the instruments referred to the same lands as did the preceding contract which is dated June 24, 1901.
On July 2, 1902, Gus Brown and his wife executed a third instrument to John H. Rhodes & Co. (hereinafter Exhibit “C”), which appears as follows in the records of the Chancery Clerk of Rankin County:
CONTRACT
In consideration of the sum of one dollar, cash to me in hand paid, the receipt *748 of which is hereby acknowledged, and for other valuable considerations, I hereby contract with and obligate myself to Jno. H. Rhodes & Co., to sell to him or them at any time within 3 years from this date at and for the sum of $7.50 dollars per acre when said Jno. H. Rhodes & Co. shall tender said purchase money and demand deeds of conveyance, and to make warranty deed in fee simple to said lands, to-wit: S1/2 of Sj/2 Sec. 24, T 5 R 4 East, all being in Township 5 Range 4 East in Rankin County and State of Mississippi. The object and purpose of this contract being to grant to said Jno. H. Rhodes & Co. the option to purchase said lands at said price at any time within 3 years. If the said Jno. H. Rhodes & Co. shall fail to tender and pay said purchase price and demand said deed within said time, then this contract to be void.
Witness our signatures this 2 day of July, 1902.
Gus Brown, his wife and his heirs remained in possession of the property until his heirs executed a warranty deed to Jack Scott which was dated March 31, 1964, and which contained the following provision:
Subject, however, to the following, to wit: The conveyance of an undivided three-fourths (J4) interest in and to all oil, gas and other minerals to J. H. Rhodes and Company by mineral deed dated June 24, 1901, recorded in Deed Book 55 at page 286 of the records of said County and State.
Shortly thereafter Jack Scott conveyed the property to David E. Robinson, a complainant, by a deed which included the same provision quoted immediately above. Complainants maintain that this provision was placed in the deed through an error on the part of the scrivener who possessed no knowledge as to the state of the title.
The bill of complaint avers that Exhibits “A” and “B” are oil and gas leases for a primary term of three years and, therefore, did not convey a perpetual mineral interest in the lands; that John H.Rhodes & Company neither explored for nor developed any oil, gas or other minerals; and, that said lease has long since expired. Also stated is that John H. Rhodes & Company never executed the option contained in Exhibit “C”. It is further averred that the numerous defendants in the instant suit claim various mineral interests by virtue of instruments which were executed by the heirs of John H. Rhodes, and which are sought to be cancelled as clouds upon complainants’ title.
The amended bill of complaint states that Exhibits “A” and “B” were obtained by John H. Rhodes along with many similar contracts for the purpose of exploring for coal and other minerals within the area involved in this suit, and that under the terms of said contracts the landowners were to receive a one-fourth royalty. However, no minerals were ever produced on any of said lands.
The prayer of the bill of complaint seeks the cancellation of Exhibits “A”, “B”, and “C” and all instruments under which the defendants claim and the confirmation of complainants’ title. There is an additional prayer for general relief.
The claims of all of the defendants in this suit flow from conveyances executed by the heirs of John H. Rhodes.
Among the numerous pleadings in this case are certain demurrers, including a special demurrer by all of the defendants raising the question of whether this action is barred by the statutes of limitations. The trial court held that the bar of the statutes of limitations applied to all of the defendants; whereupon the bill of complaint was dismissed. The complainants prosecuted this appeal. Although other questions are argued by the defendants, the sole question before this Court is whether the trial court erred in sustaining the special demurrer. We hold that the trial court was in error.
*749 A suit to cancel an oil, gas and mineral deed on the ground that the deed is invalid for fraud, misrepresentation or other cause is a suit to recover land within the meaning of the statutes of limitations, Mississippi Code 1942 Annotated, Sections 709 and 710 (1956). Gandy v. Burke, 236 Miss. 241, 109 So.2d 926 (1959). If the purpose of the present suit were to determine the validity of the instruments designated Exhibits “A” and “B”, then the statutes of limitations would apply, but the suit is not one to determine the validity vel non of these contracts. Rather it involves the interpretation of the instruments in order to ascertain what estate was conveyed to John H. Rhodes & Company — whether it is a fee simple title to an undivided three-fourths interest in all minerals, and if so, what mineral estate remained in Gus Brown; or whether the contracts vested in John H. Rhodes & Company a mineral lease with the rights of the lessee having long since expired. If construed as a mineral lease, all of the defendants are mere interlopers without any title or claim to the minerals involved in this suit.
No authority for the proposition that the statutes of limitations runs against one seeking an interpretation of a contract has been brought to the attention of this Court. Indeed, it is frequently necessary to interpret deeds, wills, and contracts in order to determine their meaning, as distinguished from a determination of their validity which would involve such questions as fraud or misrepresentation. We are therefore of the opinion, and so hold, that the case should be heard on the merits and that the contracts in question should be interpreted in light of the facts and circumstances surrounding the transactions. Payne v. Campbell, 250 Miss. 227, 164 So.2d 780 (1964).
In our opinion the trial court erred in sustaining the special demurrer on the ground that the action is barred by the statutes of limitations. Since the trial court did not reach the other questions presented in appellees’ brief, those questions are not before this Court. The case is reversed and remanded.
Reversed and remanded.
RODGERS, JONES, BRADY and SMITH, JJ., concur.